IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Robert D. Sloan, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:17-cv-61 |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Ricky Diede and Jesse Hacker, ) | **ON MOTION TO DISMISS COMPLAINT** |
| ) | |
| Defendants. ) | |

Plaintiff Robert D. Sloan Jr. filed a complaint alleging that he was subjected to excessive force while in custody at James River Correctional Center (JRCC). After conducting an initial review pursuant to 28 U.S.C. § 1915A, the court allowed Sloan to proceed with excessive force claims against two correctional officers—Ricky Diede and Jesse Hacker—in their personal capacities. (Doc. # 14). Sloan contends that Diede and Hacker used excessive force in moving him to "disciplinary detention," which resulted in permanent injury to his knee and shoulder. (Doc. #5-1, p. 1; Doc. #34, p. 1).

The defendants move to dismiss the complaint, contending that Sloan did not exhaust administrative remedies and that his failure to do so is fatal to his excessive force claim. (Doc. #20).

**Facts**

In the complaint, Sloan alleged that he completed three steps in JRCC's grievance procedure and described the result of that procedure as, "Medical grievances denied. Denied all other accusations and accountability after injury." (Doc. #5, p. 2). In response to the motion to dismiss, Sloan states, "Immediately following the release from [Disciplinary Detention] he filed a step 1 grievance against the staff for their physical abuse and the medical department on the same medical grievance." (Doc. #28, p. 1).

Further, he states, "He then filled out a step 1 grievance in the presence of case manager Samuelu Joseph at that time plaintiff never heard back from that grievance." Id.

The applicable JRCC Inmate Handbook sets out a multistep grievance procedure. First, an inmate must attempt informal resolution of the grievance by submitting an Informal Resolution/Step 1 Inmate Grievance form within fifteen days of the incident that is the subject of the grievance. (Doc. #21-7, p. 3). Attempts at informal resolution are documented on the Informal Resolution/Step 1 Inmate Grievance form. The handbook provides that, if a matter is not resolved informally, the inmate is required to file the Step 1 Grievance form with his case manager by checking a box indicating disagreement with the attempted informal resolution. Id.

The handbook states that JRCC staff will then conduct any necessary investigation and respond to the Step 1 Grievance. If an inmate disagrees with the Step 1 response, he may file a Step 2 Grievance with the case manager within five days of receiving the Step 1 response. Step 2 Grievances are reviewed by the warden's office for determination of need for further investigation. The warden then responds to Step 2 grievances. Id. at 4. An inmate not satisfied with the warden's response at Step 2 may appeal to the director of the Department of Corrections and Rehabilitation within five days of receiving the warden's response. Id.

In support of their motion to dismiss, the defendants submitted an affidavit of a JRCC administrative staff officer who reviewed Sloan's JRCC records. (Doc. #21-1). The affidavit states that, while at JRCC, Sloan submitted only four documents that "may refer to force JRCC employees allegedly used on Sloan." Id. at 2. Each of those four documents was filed with the court. (Doc. #21-3 to -6). Additionally, the defendants

submitted an affidavit of Sloan's JRCC case manager, who states that he does not recall Sloan raising any issue regarding Diede and Hacker using excessive force. (Doc. #21-2).

The four documents that the defendants filed include no Informal Resolution/Step 1 Grievance forms. The <u>first of the documents</u>, dated November 22, 2014, refers to the incident but is a on a form requesting medical care rather than on a grievance form. It states, "My knee is hurting and swollen from the time I was detained on Saturday the 21st of November. The officers had pushed me till I fell forward and hurt my knee. I am having a lot of pain in my wrist and my knee." (Doc. #21-3) (capitalization altered). The November 24, 2014 response to that medical request indicates Sloan was given Ibuprofen. <u>Id.</u>

On March 9, 2015, Sloan submitted <u>the second document</u>, a Step 2 Grievance Form, stating:

> I haven't had the medication that I've needed for pain in my knee. I'm still having a lot of pain and issues with my knee, since my injury that occurred on November 2[1], 2014. It has been almost 3 weeks since my grievance. And since the first week of January 2015, I have been absent of medication needed from an injury caused by state employees.

(Doc. #21-4) (spelling, punctuation, and capitalization altered). JRCC's response refers to the informal resolution and Step 1 process not having been followed prior to submitting the Step 2 Grievance form and also refers to Sloan having been discharged on March 14, 2015. <u>Id.</u>

The <u>third of the four documents</u> is an Informal Resolution/Step 1 Grievance Form that Sloan submitted on December 30, 2016, while he was confined at the North Dakota State Penitentiary. It alleges that funds were withdrawn from his account to cover a medical co-pay for a knee "injury that was caused by corrections officers" in

3

Jamestown in 2014-2015. (Doc. #21-5). The staff response noted that JRCC's grievance policy did not cover medical co-pay decisions but that JRCC had a separate process to appeal those decisions. Id.

The fourth document, dated January 4, 2017, is an Inmate Request form relating to a medical co-pay for a follow-up for his 2014-2015 knee injury. It refers to the knee injury having resulted from the defendants' assault, negligence, and abuse. (Doc. #21-6). The response states that Sloan's fifteen-day period to question the decision had ended, since the incident is alleged to have occurred in 2014. Id.

In his response to the motion to dismiss, Sloan included a notarized timeline that he prepared. (Doc. #28, p. 3). There, he refers to the November 22, 2014 "inmate request to medical," id., which the defendants filed, (see Doc. #21-3). He further states that, on November 25, 2014, he filed a "grievance against medical and officer[]s Died[e] and Hacker." (Doc. #28, p. 3). He also states that he filed a grievance about the incident with his case manager on December 2, 2014, and that his case manager advised him on December 7, 2014, that he "cannot grievance medical." Id. Sloan adds that, between December 15, 2014, and the end of February 2015, he wrote many medical requests and inmate requests relating to the incident. Id.

Sloan submitted several grievance forms with his response to the motion to dismiss, all dated in 2017. Id. at 4, 6-12. Sloan describes those forms as demonstrating that the prison grievance system is "failing," stating that "100% of the time his grievances and attempts to appeal or exhaust his efforts to get something done all roads are dead ends." Id. at 2.

**Law and Discussion**

4

Since Sloan was an inmate at the time he filed his complaint, his claim is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Under that statute, exhaustion of available administrative remedies is a prerequisite to any inmate's § 1983 claim involving prison conditions. The exhaustion requirement applies to "all inmate suites about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required even if a lawsuit seeks some form of relief that is not available in grievance proceedings, such as money damages. Id. at 524.

The defendants bring this motion pursuant to Federal Rule of Civil Procedure 12(b). Though not stated, their motion appears intended as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, the court is to take factual allegations of the complaint as true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). If considered as a motion to dismiss, the defendants' motion should be denied. Accepting the facts alleged in the complaint as true, Sloan sufficiently sets forth a basis for relief.

Along with their motion, the defendants filed affidavits and exhibits. Additionally, in response to the motion to dismiss, Sloan submitted his own affidavit(s). Pursuant to Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are presented and not excluded, the motion "must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

The standards governing a motion for summary judgment are, of course, quite

different than those governing a motion to dismiss. Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Arena Holdings Charitable, LLC v. Harman Prof'l, Inc., 785 F.3d 292, 293 (8th Cir. 2015) (quoting Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)); see also Fed. R. Civ. P. 56(a). When the record as a whole at the time of the motion "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If the affidavits and exhibits are not excluded, and the motion is considered as one for summary judgment pursuant to Rule 12(d), the defendants' motion should be denied. Though Sloan does not question the requirement that he exhaust all available remedies prior to filing a lawsuit, he vigorously disputes the defendants' position that he did not do so. Moreover, this court would not conclude that Sloan has been given a reasonable opportunity to present all material evidence as contemplated by Rule 12(d).

For the reasons discussed above, it is **RECOMMENDED** that defendants' motion to dismiss, (Doc. #20), be **DENIED**.

Dated this 9th day of February, 2018.

> */s/ Alice R. Senechal*
> Alice R. Senechal
> United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**[1]

---

[1] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.

Any party may object to this Report and Recommendation by filing with the Clerk of Court, no later than February 23, 2018, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.