# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Robert D. Sloan, Jr., | ) |
| Plaintiff, | ) **ORDER ADOPTING REPORT** |
| | ) **AND RECOMMENDATION** |
| vs. | ) |
| | ) Case No. 3:17-cv-061 |
| Ricky Diede and Jesse Hacker, | ) |
| Defendants. | ) |

The Plaintiff initiated this proceeding *pro se* and *in forma pauperis* on April 3, 2017. See Doc. No. 1. After screening the Complaint as required by 28 U.S.C. § 1915(e)(2), Sloan was allowed to proceed with excessive force claims again two correction officers. See Doc. No. 14. On December 4, 2017, the Defendants filed a motion to dismiss asserting that Sloan did not exhaust his administrative remedies. See Doc. No. 20. The Defendants also submitted several affidavits and exhibits with their motion. Sloan filed two responses to the motion to dismiss. See Docs. No. 26 and 28. Sloan's responses included various Inmate Grievance and Inmate Request forms.

On February 9, 2018, Magistrate Judge Senechal issued a Report and Recommendation, in which she recommended that the Defendants' motion to dismiss be denied. See Docket No. 41. The parties were given until February 23, 2018, to file objections to the Report and Recommendation. The Defendants filed an objection asserting that the Report and Recommendation erroneously converted their motion to dismiss into one for summary judgment because of the affidavits submitted in support of the motion to dismiss. No objection was received from Sloan.[1]

The Court has carefully reviewed the Report and Recommendation, the objection filed by the Defendants, relevant case law, and the entire record, and finds the Report and Recommendation

---

[1] On February 20, 2018, Sloan filed two documents: a motion for extension of time (Doc. No. 42) and an amended complaint, which was filed as a motion to amend (Doc. No. 43). These motions remain pending. The Defendants has been advised they need not respond to either motion until directed to do so by the Court. See Doc. No. 45.

is not clearly erroneous or contrary to law. Given the procedural posture of this case and the record before the Court, including the supplemental materials submitted by both parties, the Court finds that resolution of the exhaustion issue by way of a summary judgment motion, in this instance, would ensure all parties are given a reasonable opportunity to present all the material that is pertinent to the issue.[2]

Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 41) in its entirety and **ORDERS** the Defendants' Motion to Dismiss be **DENIED** without prejudice. Nothing in this order should be construed as precluding the Defendants from filing a motion for summary judgment on this issue of exhaustion of administrative remedies.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2018.

                                                              */s/ Daniel L. Hovland*
                                                              Daniel L. Hovland, Chief Judge
                                                              United States District Court

---

[2]The Defendants cite to the Eighth Circuit Court of Appeals case of Chelette v. Harris, 229 F.3d 684 (8th Cir. 2000) for the proposition that the Defendants were entitled to submit an affidavit in support of their motion to dismiss without having the motion converted into a motion for summary judgment. More recent district court cases out of the Eighth Circuit squarely address the question of whether the issue of exhaustion is properly brought as a motion to dismiss or a summary judgment motion. See Schill v. Pederson, 2016 WL 7404749 (D. Minn. 2016)("At the outset, the Court must decide whether it should rely upon the evidence outside of the complaint submitted by the defendants. Courts generally agree that nonexhaustion should be resolved as early as possible. A pre-answer motion under Rule 12(b)(1) allows the Court to consider matters outside the pleadings, but because failure to exhaust is not a jurisdictional challenge, such a motion does not fit the nonexhaustion issues. A motion for failure to state a claim under Rule 12(b)(6) may be the appropriate vehicle to raise a nonexhaustion issue if the failure to exhaust is obvious on the face of the complaint. But if it is not clear from the face of the complaint whether the plaintiff exhausted, a Rule 12(b)(6) motion is not the proper vehicle. And if the Court consults matters outside the pleadings presented by a defendant raising the exhaustion issues the Rules of Civil Procedure require the Court to treat the motion as one for summary judgment under Rule 56. In suits subject to the PLRA in the District of Minnesota, defendants seeking to obtain dismissal for an inmate's failure to exhaust administrative remedies will frequently bring a motion to dismiss or in the alternative, for summary judgment. In such cases, when both parties submit materials outside of the pleadings for the Court's considerations, conversion of the motion to dismiss into a motion for summary judgment at an early stage of the litigation may be proper." (internal citations and quotations omitted)); see also, Davis v. Wilkerson, 2008 WL 5235882 (E.D. Ark. 2008) ("[D]efense motions based on failure to exhaust are properly brought as motions for summary judgment and not as motions to dismiss, unless it appears from the face of the prisoner's complaint that there has been a failure to exhaust, with no justification for the failure.").